UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VERNA WILLIAMS,**

    **Plaintiff,**

v.                                      Case No. 8:06-cv-93-T-TBM

**MICHAEL J. ASTRUE[1],
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
_____/

**O R D E R**

The Plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits. For the reasons set out herein, the decision is affirmed.

I.

Plaintiff was fifty-five years of age at the time of her administrative hearing in April 2005. She stands 5' tall and weighed 230 pounds. Plaintiff has a high school education. Her past relevant work was as an assembler, secretary and cashier. Plaintiff applied for disability benefits in January 2004, alleging disability as of August 19, 2002, by reason of diabetes. The Plaintiff's application was denied originally and on reconsideration.

---

[1] Michael J. Astrue became Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this suit.

The Plaintiff, at her request, then received a *de novo* hearing before an Administrative Law Judge (hereinafter "ALJ"). The Plaintiff was represented at the hearing by counsel and testified in her own behalf. Additionally, a vocational expert was called by the ALJ. Plaintiff testified that she last worked in August 2002 when she was laid off from a job as an assembler. She received workers' compensation benefits and she sought to find work elsewhere. In essence, Plaintiff testified that she could no longer work because of "brutal diabetes," which she describes as uncontrollable. By her account, when her insulin level fluctuates, she frequently passes out. Her condition also causes her to have blurred vision most of the time. Plaintiff testified that her legs go out on her and, one time when she fell, she tore the ligaments in her left knee. As a consequence, her knee is painful and she suffers severe pain and spasms two or three times a week. She takes Darvocet and Tylenol, which do not do much good. Plaintiff indicated that she had carpal tunnel surgery on both hands in 2001, but she experiences numbing, tingling and pain and wears braces on both wrists for a little relief. Plaintiff also claimed to suffer from migraine headaches. Sometimes the headaches are so severe that they last three to four days and she has to go to bed to get relief. Plaintiff indicated that she cannot control her bladder and she must wear a diaper daily. In addition to medication, Plaintiff uses heating pads and ice packs for relief and she must use a cane daily for walking.

In addition to her physical problems, Plaintiff indicated that she suffers from anxiety attacks because of the change in the quality of her life and she doesn't like the fact that others have to help her with things she used to be able to do.

Plaintiff testified that she could only walk fifty feet before she had spasms and had to sit down for relief. She indicated she could only sit for fifteen to twenty minutes before she would start squirming. She indicated she could stand without her cane or other support for about two minutes and then spasms would set in. Plaintiff stated that the last time she attempted to lift or carry a gallon of milk she spilled it on the floor. She also stated that she is unable to bend, stoop or crouch.

Plaintiff claimed difficulty sleeping at night for more than two to three hours, indicating that she was up and down all night because of the pain. As a consequence, she naps off and on all day. When not napping, Plaintiff watches some television and reads. She doesn't sew much anymore and she can no longer bowl or crochet. Her husband helps her bathe and does the household chores and the cooking. She can fold the laundry and she goes to the grocery store but only with someone else and she rides in a cart. See Plaintiff's testimony (R. 295-313).

Tennyson Wright, Ph.D., a vocational expert (hereinafter "VE"), first testified upon an assumption of a person of Plaintiff's age, education and work history capable of performing light exertional work but with a limited ability to push/pull with hand or foot controls, with occasional postural limitations, with the need to avoid kneeling and crawling, with "mild" restrictions in handling, gross and fine manipulation, and the need to avoid unprotected heights. On this hypothetical, the VE opined that such individual could do all of Plaintiff's past work. Even with additional "mild" restrictions in activities of daily living, social functioning, attention, concentration, persistence and pace, the VE opined such person

could do Plaintiff's past work. Finally, with the added limitations in range of motion (set forth in an assessment by Dr. Joel Rose, D.O.), such person could still perform Plaintiff's past work. If Plaintiff's testimony was fully credited, however, then such individual could not perform her past work. After clarification by Plaintiff's counsel, it was agreed that if Plaintiff's testimony was fully credited, there would be no work available to her in the national economy. See VE's testimony (R. 314-21).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed herein as necessary.

By his decision of June 21, 2005, the ALJ determined that while Plaintiff has severe impairments related to insulin-dependent diabetes mellitus, degenerative joint disease of the left knee, obesity, and a history of carpal tunnel syndrome with a surgical history of bilateral carpal tunnel release procedures, she nonetheless had the residual functional capacity to perform a substantial range of light work and the ability to perform her past relevant work. Upon this finding, the Plaintiff was determined to be not disabled. (R. 14-23). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous

period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. See id. at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the

record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. Miles, 84 F.3d at 1400; Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).

III.

The Plaintiff raises two claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) The Administrative Law Judge erred by failing to set forth specific functional limitations as a result of the Plaintiff's carpal tunnel; and

(2) The Administrative Law Judge failed to re-contact a medical source when the same was necessary to clarify the Plaintiff's functional limitations.

By these claims, the Plaintiff urges that the case be remanded so that the ALJ may clarify her actual limitations in handling and manipulation and pose a complete and proper hypothetical to the VE. By Plaintiff's argument, the ALJ's conclusion that she could perform her past relevant work is unsupported by substantial evidence because the hypothetical posed to the VE was incomplete or inaccurate in that it was based on an inappropriate assumption

that prevented the VE from testifying accurately about whether Plaintiff could perform her past work.[2]

Plaintiff's arguments are predicated on two established propositions. First, case law in this circuit requires that the ALJ employ hypothetical questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant. Pendley v. Heckler, 767 F.2d 1561 (11th Cir. 1985). Thus, in order for a VE's testimony to constitute substantial evidence, the hypothetical question must comprise all of a claimant's impairments. Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). Second, the ALJ has a duty to develop a full and fair record, see Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981), and when the evidence from a medical source is inadequate to allow for a decision, the Regulations require that the ALJ re-contact a medical source to determine whether the additional information is readily available. 20 CFR § 404.1512 (e).

---

[2]As the decision reflects, the ALJ concluded, on the basis of the VE's testimony, that Plaintiff was not disabled because she was capable of doing her past relevant work. According to the Dictionary of Occupational Titles ("DOT"), all of Plaintiff's past relevant work required the ability to frequently finger and/or handle and the dispute hinges on the ALJ's assessment of her ability to do so. In formulating the hypothetical to the VE, the ALJ relied in part on the assessment of a state agency doctor, Dr. Archibald Long. In reading his report, the ALJ apparently missed the "frequently bilaterally" limitation for handling and fingering assessed by this doctor (R. 242), and assumed for purposes of his hypothetical that Plaintiff suffered a "mild" limitation in these functional areas. "Mild" was not further defined. (R. 317). The confusion apparently continued through decision, as the ALJ there characterized Dr. Archibald assessment as "claimant's gross handling and fingering for fine manipulation was *somewhat* limited . . ." (R. 18). By Plaintiff's argument, these errors undermine the VE's testimony and preclude a finding that the ALJ's conclusion on disability is supported by substantial evidence. In response, the Commissioner urges that any error was harmless as Dr. Long did assess Plaintiff as capable of "frequently" handling and fingering, thus supporting the VE's testimony and the ALJ's conclusion.

Here, the record suggests that the ALJ apparently misread the assessment by the state agency doctor and inartfully included a "mild" restriction on the Plaintiff's ability to handle and finger in his hypothetical to the VE. Because "mild" was not further defined, Plaintiff urges that the VE's response to an inaccurate hypothetical cannot support the ALJ's conclusions. Were this the end of the story, I would agree with the Plaintiff and order a remand. However, the record here supports the Commissioner's position that, while the ALJ seemingly erred in formulating this aspect of his hypothetical to the VE, the error is harmless in the sense that a remand would serve no useful purpose in the circumstances of this case. See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (applying the harmless error rule to an ALJ's misstatement of evidence in a Social Security case); Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988) (stating that the court will not vacate a judgment unless the substantial rights of a party have been affected); Fed. R. Civ. P. 61. As noted above, the state agency doctor did in fact impose a "frequent" limitation on Plaintiff's handling and fingering in both hands.[3] Even with such restrictions, a claimant is capable of performing the type jobs Plaintiff previously worked as such jobs are described by the DOT. Furthermore, I agree with the Commissioner that the claim that the ALJ also erred in failing to re-contact Dr. Long is premised on the inaccurate conclusion that the doctor had not provided the information necessary for decision. Here, it was provided, and Plaintiff appears to have misread (or

---

[3] Such limitation is defined on the assessment form to mean "occurring one-third to two-thirds of an 8-hour workday (cumulative, not continuous)." (R. 239).

ignored) the doctor's assessment in making this argument.[4]  Once again, I conclude that a remand on this basis would serve no useful purpose.  Plaintiff raises no issue that the ALJ otherwise erred in relying upon this state agency doctor and/or portions of the assessment by consulting examiner, Dr. Joel Rose, in fashioning her residual functional capacity.  While the ALJ rejected a portion of Dr. Rose's opinion, that is not challenged here and, as the Commissioner urges, even if it is assumed that the Plaintiff was limited to sedentary exertional work, according to the VE, Plaintiff could still do most of her former work as she performed it previously.  See (R. 131).

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence.  The decision is affirmed.  Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

**Done and Ordered** at Tampa, Florida, this 22nd day of March 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record.

---

[4] It is worth mentioning that Plaintiff was represented by counsel at the hearing and counsel neither complained of the hypothetical questions employed by the ALJ nor sought to clarify them in this regard with the VE when given the opportunity to do so.

9